T. N. MAULTSBY AND WIFE v. ANNA J. BRADDY ET AL.

(Filed 5 April, 1916.)

**Processioning—Amendments—Title—Adverse Possession—Evidence.**

Where in proceedings under the processioning act the line of one of the parties is called for in a deed under which the other claims, and on appeal in the Superior Court an amendment to the pleadings was allowed setting up title by adverse possession under color and otherwise to a certain marked line of division, the effect was to put at issue the title to the strip of land in dispute, and testimony of such possession is competent either on the direct issue as to title or on the issue as to correct location of the present dividing line.

PROCEEDINGS instituted before the clerk under the processioning act and heard on appeal before *Whedbee, J.*, and a jury, at October Term, 1915, of BLADEN.

From an examination of the record it appears that a tract of land, 337 acres, was formerly owned by G. R. Dixon, and in 1863 he conveyed 100 acres of it to defendant Anna J. Braddy, describing same by metes and bounds; that later said Dixon conveyed the remainder of the land to R. M. Devane, and he in turn conveyed to plaintiff, the description calling for the Braddy deed. On proceedings instituted before the clerk to determine the true location of the divisional line there was judgment for plaintiff, and defendant appealed. In the Superior Court defendant, by leave of court, entered a plea of "twenty years open, notorious, continuous, adverse possession of the strip of land in dispute between the parties," and also a plea of such possession for twenty-one years under color of title and up to known and visible lines and boundaries, etc., and in support of her claim testified, among other things, that soon after she bought the land, on inquiry, she was

told by the surveyor that the dividing line was as she now claimed it to be, and she then put a fence on the line and kept it up for over thirty years, and had been in possession of the land, asserting ownership to the bringing of this suit, using the same in every way of which it was susceptible, etc.

On issue submitted, the following verdict was rendered:

1. What is the true dividing line between the lands of plaintiff and defendant? Answer: "We establish the line from B to C and thence the nearest course to the river."

Substantially the line as claimed by plaintiff, defendants insisting that the dotted line, E, F, G, was correct.

His Honor, among other things, charged the jury that "There is no evidence of possession on the part of either party, and you will not consider that aspect of the case."

Judgment for plaintiffs, and defendants excepted and appealed.

*T. Bayard Clark for plaintiffs.*
*H. L. Lyon and George H. Braddy for defendants.*

HOKE, J., after stating the case: The effect of defendant's plea, in our opinion, was to put in issue the title to the strip of land in dispute between the parties, and, in such case, the Court has recently held that a judgment will operate as an estoppel both on the title and as to the correct location of the line. This being true, we are of opinion that the defendant was entitled to have her testimony, tending to show actual adverse and continuous occupation for thirty years and over, considered by the jury, either on a direct issue as to title or on the issue as to the correct location of the present divisional line. See *Whitaker v. Garren,* 167 N. C., 658; *Woody v. Fountain,* 143 N. C., 66.

For the error indicated, defendant is entitled to a new trial, and it is so ordered.

New trial.