R. M. HILLIARD ET AL. v. A. S. ABERNETHY ET AL.

(Filed 24 May, 1916.)

**Processioning—Title—Estoppel.**

Proceedings for processioning the boundaries between lands of adjoining owners may not put the title in issue, but this may now be done under our statute, Revisal, sec. 717; and a final adjudication thereupon will operate as an estoppel both as to title and the correct location of the disputed line.

APPEAL by defendants from *Shaw, J.*, at December Term, 1915, of BURKE.

Civil action, tried upon these issues:

1. Are the defendants estopped from setting up title to any part of

the lands in controversy lying above or northeast of the red line, as alleged in the complaint? Answer: "Yes."

2. Are the plaintiffs the owners and entitled to the possession of the lands described in the complaint and lying northeast of the red line, as shown upon the plat in the processioning proceeding, and introduced in evidence? Answer: "Yes."

3. Do the defendants wrongfully withhold possession thereof from the plaintiffs? Answer: "Yes."

The court charged the jury as follows:

"The court instructs you that if you find the facts to be as testified to, you will answer the first issue 'Yes' and the second issue 'Yes' and the third issue 'Yes.' It is agreed by plaintiffs and defendants that the annual rental value of the property is $50."

The defendants appealed.

*J. T. Perkins, E. M. Hairfield for plaintiff.*

*W. A. Self, Council & Yount, Avery & Ervin, J. C. Little for defendants.*

BROWN, J. The basis of his Honor's ruling is a processioning proceeding instituted between these parties and tried before *Cline, J.,* at June Term, 1913, Superior Court of Burke County upon this issue:

"Is the true location of the dividing line between the plaintiffs and defendants as located on the court map by the red line "B" to "C"? Answer: "Yes."

The sole question presented is whether this processioning proceeding to settle the boundary line between these plaintiffs and defendants is an estoppel on the defendants from now claiming the lands in plaintiff's boundary by an alleged superior title.

The processioning proceeding in this and many other States was originally devised in order solely to locate boundary lines, and was similar in all respects to the English perambulation, which was a custom of going around the boundaries of the manor with witnesses to determine and preserve recollection of the extent and location of its boundary and to see that the landmarks had not been removed.

The powers of the processioners extended only to locating and establishing lost or doubtful boundaries. They had no authority to disturb title, or rights of possession, or to establish a new line. That was the law in this State prior to 1893. *Williams v. Hughes,* 124 N. C., 3.

Since the act of 1893, Revisal, 717, parties may, under the processioning act, establish the division line and boundary between them without putting the title in issue, or they may join issue also upon the title. *Whitaker v. Garren,* 167 N. C., 660. Where the force and effect of the defendant's plea is to put the title in issue, the final judgment will

operate as an estoppel both as to title and as to the correct location of the line. *Maultsby v. Braddy, ante,* 300.

In the processioning proceeding relied on as an estoppel, the pleadings, the evidence, and the charge of the judge were all introduced on this trial and are printed in the record. It is plain that in the petition and answer the title to the land was put in issue, and further it appears from the evidence introduced and from the charge of the judge that the question of title was submitted to the jury under the form of issue as framed by the court.

We are of opinion there is

No error.