H. G. NASH ET AL. v. J. T. SHUTE.

(Filed 23 November, 1921.)

**1. Judgments—Estoppel—Courts—Jurisdiction.**

Judgments may not operate as an estoppel as to such matters as extend beyond the jurisdiction of the court to determine the rights of the parties, though embraced within the scope of the pleadings and inquiry.

**2. Same—Clerks of Court—Dividing Line—Statutes—Easements.**

The clerk of the Superior Court, under a statute controlling proceedings to determine a dividing line, has no jurisdiction as to title or character of the possession of the claimants on either side of the dividing line of lands authorized to be ascertained or determined by him under the provisions of C. S., 361 *et seq.,* the occupancy alone being sufficient to confer jurisdiction, sec. 361; and where the clerk has acted within his jurisdiction in such proceedings, his judgment may not estop a party in a separate action to show the character or extent of his possession, or to establish an easement by adverse possession in the lands occupied by the other.

**3. Judgments—Estoppel—Lands—Ownership—Easements.**

A judgment in processioning proceedings as to ownership of the land in dispute does not necessarily include the question of an easement by ad-

verse possession under the statute of limitations, defined to be "a liberty, privilege, without profit in the land of another, existent distinct from the ownership of the soil," and such conclusion does not of itself necessarily work an estoppel on the question of an outstanding easement in the land claimed by a party in an independent action.

APPEAL by defendant from *Ray, J.,* at the May Term, 1921, of UNION.

Plaintiff, claiming ownership of a lot in city of Monroe, abutting on Hayne Street, institutes this action, alleging that defendant, owner of a lot to south of plaintiff's, has built a brick opera house and postoffice thereon, which, in the eaves and other incidents above the surface, wrongfully project over plaintiff's line, causing water from defendant's building to fall on plaintiff's said lot, and otherwise interfering with plaintiff's rightful enjoyment of his property, and the prayer is for a mandatory injunction, requiring defendant to remove the eaves and other projections, to restrain the trespass and nuisance thereby caused, and for general relief.

Defendant answers, admitting plaintiff's ownership of the lot as claimed, and alleging in effect a prescriptive right to maintain said projections and the effects of same, etc., by open and adverse user for more than twenty years next before action brought. On the hearing, and in support of his position, plaintiff offered in evidence the record in a proceeding before the clerk to establish the line between the two lots under C. S., ch. 9, sec. 361 *et seq.,* in which said proceedings plaintiff alleged ownership of present lot. That defendant owned the lot just adjoining on the south and defendant claimed the true dividing line was as much as five feet in and upon the lot as claimed by plaintiff, and beyond the brick buildings which defendant had constructed upon his property.

Defendant answered, admitting plaintiff's ownership as claimed, alleged that defendant had never claimed the true line to be five feet north of defendant's buildings, but admitted that the true dividing line was as plaintiff claimed, and on these admissions, appearing in defendant's answer, the clerk entered the following judgment:

"This cause coming on to be heard before the undersigned clerk of Superior Court of Union County, N. C., upon the verified pleadings filed in the cause, and it appearing to the court that the defendant admits the location of the lines claimed by plaintiffs to be at the places where plaintiffs contend that they are, and that there are no issues either of fact or law to be decided by a court and jury:

"Now, therefore, upon motion of plaintiffs, it is ordered, adjudged, and decreed that the true dividing line between the lot of plaintiffs and the lot of the defendant J. T. Shute is a line commencing at the northwest corner of J. T. Shute's brick opera house building on the eastern

boundary of Hayne Street and running thence with the northern wall of said brick opera house building and with the old postoffice building of J. T. Shute about north 87 east 180 feet, more or less, to Beasley Street, the northeast corner of said J. T. Shute's postoffice building; and it is further ordered, adjudged, and decreed that the true dividing line between the lot of plaintiffs and the lot of defendant S. B. Hart is a line commencing at a point on the eastern boundary of Hayne Street 30 feet north of the northwest corner of the said J. T. Shute's brick opera house building and running thence parallel with the dividing line between the lot of plaintiffs and the lot of the defendant J. T. Shute to Beasley Street; and the cost of this action be divided between the plaintiff and the defendant J. T. Shute.

"This 6 November, 1919. R. W. LEMMOND, C. S. C."

The record was admitted by defendant, and the court being of opinion that defendants were estopped by the proceedings and judgment before the clerk from maintaining any claim for an easement or other right in plaintiff's property, judgment was entered substantially as claimed by plaintiff, and defendants excepted and appealed.

*Stack, Parker & Craig for plaintiffs.*
*Vann & Millikin for defendant.*

HOKE, J. In *Coltrane v. Laughlin,* 157 N. C., 282, it was held, in effect, that "when a court having jurisdiction of the cause and the parties enters judgment therein purporting to determine the controversy, the judgment will estop the parties and their privies as to all issuable matters directly presented by the pleadings, and though not issuable in the technical sense, it will conclude, among other things, as to all matters within the scope of the pleadings, which are material and relevant and were in fact investigated and determined."

And this statement of the principle is in accord with numerous decisions where the subject has been directly considered. *Holloway v. Durham,* 176 N. C., 550; *Propst v. Caldwell,* 172 N. C., 594; *Cropsey v. Markham,* 171 N. C., 44; *Gillam v. Edmondson,* 154 N. C., 127; *Tyler v. Capeheart,* 125 N. C., 64; *Jordan v. Farthing,* 117 N. C., 188.

The record relied upon by plaintiff as an estoppel in the present case is a proceeding before the clerk, and terminated before him, to settle the location of a disputed boundary line under the provisions of C. S., ch. 9. Proceeding under this statute, the Court is bound by its limitations and restrictions, *Proctor v. Comrs., ante,* 56, and the law confers on the clerk no jurisdiction to settle questions of title. He can only authoritatively determine the location of a disputed line, and very

properly this is all that his judgment professes to decide. "It is ordered and decreed that the true dividing line between the lot of plaintiffs and the lot of defendant J. T. Shute is a line commencing at the northwest corner of J. T. Shute's brick opera house building on the eastern boundary of Haynes Street, and running thence with the northern wall of said brick opera house building and with the old postoffice building about north 87 east 180 feet, more or less, to Beasley Street, the northwest corner of said J. T. Shute's postoffice building."

The statute itself provides, in section 362: "That the occupation of land constitutes sufficient ownership for the purposes of this chapter." The judgment of the clerk only undertook to determine the location of the surface line between the parties, and did not purport to settle the extent or character of the proprietary interests of the owners or claimants on either side. Not only were these matters not investigated or determined in any hearing before him, but the clerk, as stated, was without jurisdiction over them, and the parties are therefore not concluded by his judgment in respect to them. The decisions which were cited by counsel as upholding the claim of an estoppel by judgment were cases where, the issue of title being raised in the pleadings, the cause was transferred to the Superior Court, and under the statute applicable became, in effect, an action to determine the title, etc., that court having general jurisdiction could enter a judgment concluding the parties as to the questions presented by the pleadings. *Hilliard v. Abernethy,* 171 N. C., 644; *Maultsby v. Braddy,* 171 N. C., 300; *Woody v. Fountain,* 143 N. C., 66.

There is nothing in *Whitaker v. Garren,* 167 N. C., 658, that militates against this ruling. In that case the trial judge, under several decisions construing a former statute, had held that in a subsequent suit between the parties to try out the question of title, a proceeding under the statute before the clerk to settle a disputed line could be allowed no effect whatever, and could not be received in evidence. The Court, in *Whitaker v. Garren, supra,* only held that under the statute now prevailing, "the action of the clerk in a proceeding to settle the line was admissible as to the location of the line," but it was not held that the judgment of the clerk in a proceeding which terminated before him could work an estoppel on questions of title.

Apart from this, in a proceeding of this character a finding on the question of ownership does not necessarily signify the holder of an unincumbered title. A recognized definition of easement is "a liberty, privilege, without profit, in the land of another, existent distinct from the ownership of the soil," and unless it should appear from the issue and evidence pertinent that a full and unincumbered title was the question determined, such a finding would not of itself necessarily work an

estoppel as to the existence of an outstanding easement in the property. *Stokes v. Maxon,* 113 Iowa, 122; *Burr v. Lamaster,* 30 Nebraska, 688; 9 R. C. L., pp. 735-736.

On the record, we are of opinion that the proceedings and judgment of the clerk as to correct placing of a surface line does not work an estoppel on defendants as to the easement claimed by them, and the cause must be remanded that the issues arising on the pleadings may be properly determined.

Error.