## HAZEL BATSON v. CITY LAUNDRY COMPANY.

### (Filed 11 April, 1934.)

**Judgments L a—In order to sustain plea of estoppel in action after non-suit court must find that allegations and evidence are practically identical.**

In order for a judgment of nonsuit to operate as *res adjudicata* in a subsequent action brought under the provisions of C. S., 415, it is required that the trial court find as a fact that the second suit is based upon substantially identical allegations and evidence as the first, and where the trial court hears no evidence and finds no facts his judgment dismissing the action upon the plea of estoppel by the former judgment is prematurely and inadvertently made.

CIVIL ACTION, before *Cranmer, J.,* at September Term, 1933, of NEW HANOVER.

This cause was tried in the Superior Court and the plaintiff recovered damages in the sum of $12,250. The trial judge set the verdict aside and allowed motion of nonsuit upon the ground that the plaintiff "upon her own testimony is guilty of contributory negligence." Upon appeal to the Supreme Court the cause was remanded. See *Batson v. Laundry,* 202 N. C., 560, 163 S. E., 600. This judgment of nonsuit was affirmed. Subsequently the plaintiff instituted the present action.

The complaint contained many allegations substantially similar to the allegations in the former complaint. However, there were new allegations of negligence, The defendant filed an answer denying negligence and pleaded contributory negligence, and for further defenses pleaded the three-year statute of limitations and estoppel by judgment, asserting that the judgment affirmed in *Batson v. Laundry,* 205 N. C., 93, constituted *res adjudicata.*

When the case was called for trial in the Superior Court the plaintiff lodged a motion *ore tenus* to strike from the answer the pleas of the statute of limitation and of *res adjudicata.* In arguing the motion plain-

tiff offered in evidence the original complaint in the former action and the complaint and answer in this action and used "the former judgments and opinion of the Supreme Court." The defendant thereupon moved for judgment upon the ground that the opinion of the Supreme Court was *res adjudicata.* The court denied plaintiff's motion to strike the said pleas from the defendant's answer and dismissed the action upon the defendant's motion, and the plaintiff appealed.

*Herbert McClammy, Burney & McClelland and Rountree, Hackler & Rountree for plaintiff.*
*L. Clayton Grant and Bryan & Campbell for defendant.*

BROGDEN, J. C. S., 415, permits a plaintiff to bring a new action within one year after a judgment of nonsuit. No point is made that the present suit was not brought within a year after the judgment of nonsuit reported in *Batson v. Laundry,* 205 N. C., p. 93. Consequently the plaintiff had a right to bring a new action. If it should be held that the plea of *res adjudicata* was applicable to the remedy set up by C. S., 415, it is manifest that this statute would be whittled down to a nullity because every judgment of nonsuit could then be set up as a bar to a new action. The essentials of estoppel by judgment are summarized in *Hardison v. Everett,* 192 N. C., 371, 135 S. E., 288, but it is apparent that C. S., 415, was enacted for the express purpose of giving a plaintiff another chance if the allegations and evidence warranted it. The case of *Hampton v. Spinning Co.,* 198 N. C., 235, 151 S. E., 266, undertook to prescribe a standard by which to test and determine the maintainability of the new action. This limitation is stated as follows in the *Hampton case:* "But, if upon the trial of the new action, upon its merits, . . . it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res adjudicata,* and thus end that particular litigation." In the case at bar the trial judge heard no evidence and found no facts. Hence it does not appear whether the merits of the present case are substantially identical to the former case or not. Therefore, the Court is of the opinion that the judgment dismissing the action upon the plea of estoppel was prematurely and inadvertently made.

Reversed.