The following judgment was rendered in the court below: "This cause coming on to be heard before his Honor, T. B. Finley, judge holding the courts of the Eighteenth Judicial District, and being heard at the June Term, 1934, of the Superior Court of McDowell County, North Carolina, and after a jury had been sworn and impaneled, the pleadings read, the defendants, through their attorneys, move for judgment to dismiss the action for that it was res judicata, and from the records and admissions of counsel, the court finds the following facts:
"(1) That on 10 December, 1931, the First National Bank of Marion, North Carolina, and other creditors of the D. E. Hudgins estate instituted a proceeding against the defendants, John M. Oglesby, Carter Hudgins, and D. E. Hudgins, Jr., co-executors of the estate of D. E. Hudgins, deceased, under section 110 of the Consolidated Statutes of North Carolina, asking for a final settlement of said estate, in which proceeding a notice was duly given to all creditors of said estate to file evidence of any claim that they might have against the defendants, who were co-executors of the said estate, and that the claim of Chesley W. Buchanan and wife, Attie A. Buchanan, was presented to the defendants as co-executors of said estate for the return of a certain life insurance policy on the life of the said Chesley W. Buchanan, and that said executors disputed said claim on 20 January, 1932, in a written statement filed by said co-executors with the clerk of Superior Court of McDowell County, North Carolina, and that the plaintiff, pursuant to notice issued to them by the clerk of Superior Court of said county on 22 January, 1932, filed a complaint in said proceeding under section 119 of the Consolidated Statutes, 29 January, 1932, after they had caused summons to be issued for the defendants on 29 January, 1932, which, with the complaint of the plaintiffs therein, was duly served on the defendants Carter Hudgins, co-executor of the D. E. Hudgins estate, on 29 January, 1932, and on the defendant D. E. Hudgins, Jr., co-executor of said estate, on 5 February, 1932, and on the defendant John M. Oglesby, co-executor of said estate, on 20 February, 1932, to which complaint the defendants filed their answer on 25 February, 1932. *Page 150 
"(2) That said cause came on for trial at the June Term, 1932, of said court, before his Honor, W. F. Harding, judge presiding, and after the jury had been sworn and impaneled, and the pleadings read, the defendants offered the court summons in said action for the purpose of showing when the action was commenced, and moved for judgment of nonsuit upon the pleadings for that the plaintiffs' cause of action was barred by the three-year statute of limitation, upon the allegations of the complaint and the inspection of the record, to wit, the summons, the court rendered a judgment of nonsuit against the plaintiffs, from which the plaintiffs appealed, but no appeal was perfected by the plaintiffs.
"(3) That on 21 July, 1932, the plaintiffs, Chesley W. Buchanan and wife, Attie A. Buchanan, who are admitted to be the same Chesley W. Buchanan and Attie A. Buchanan who were plaintiffs in the former suit, sent out another summons against the same defendants, which summons, with the complaint of the plaintiffs therein, was duly served on the defendants Carter Hudgins and D. E. Hudgins, Jr., co-executors of the D. E. Hudgins estate, on 23 July, 1932, and that alias summons in said action was duly served on John M. Oglesby, co-executor of said estate, on 28 July, 1932, to which complaint the defendants, on 15 August, 1932, duly filed their answer, and upon plaintiffs' said complaint and answer of the defendants the cause came on to be tried at the June Term, 1932, of said court.
"(4) That after a jury had been chosen, sworn and impaneled, the pleadings read, including former pleadings, the defendants, through their counsel, move on the pleadings, and on the judgment in the former action, to dismiss the action for that it is res judicata; the court being of the opinion that the motion of the defendants, through their counsel, to dismiss this action upon the plea of res judicata is prematurely and inadvertently made.
"Whereupon, the motion of the defendants, through their counsel, to dismiss the action is overruled, and it is considered, adjudged and decreed by the court that the plaintiffs are not estopped to prosecute this action by the former judgment.
T. B. FINLEY, Judge Presiding."
Defendants filed but one exception, and that was to the judgment of the court denying defendants' motion of nonsuit, and assigned as error the court's failure to dismiss the action on the grounds that it is resjudicata, and appealed to the Supreme Court.
No facts were found by the trial judge and none appear from an inspection of the record, taking this case outside of the *Page 151 
ruling in Batson v. Laundry Co., 206 N.C. 371, at p. 372, where it is said: "In the case at bar, the trial judge heard no evidence and found no facts. Hence, it does not appear whether the merits of the present case are substantially identical to the former case or not. Therefore, the Court is of the opinion that the judgment dismissing the action upon the plea of estoppel was prematurely and inadvertently made." Dix-Downing v. White,206 N.C. 567.
The judgment of the court below is
Affirmed.