CHARLES ARTHUR CRAVER AND LUNA L. CRAVER v. WM. E. SPAUGH, ADMINISTRATOR OF LAURA HANES, DECEASED.

(Filed 31 January, 1947.)

**1. Judgments § 33a—**

A judgment of nonsuit does not bar a subsequent action on the same cause instituted within one year unless the evidence is substantially identical, and therefore the plea of *res judicata* to the second cause cannot be determined from the pleadings alone. G. S., 1-25.

**2. Appeal and Error § 40d—**

When the judgment below does not set forth in detail the facts found by the court and there is no request for such findings, it is presumed that the court, upon proper evidence, found the essential facts necessary to support the judgment entered.

**3. Judgments § 32—**

Where a fact is in issue or its establishment is necessary to support judgment rendered, the judgment is *res judicata* as to such fact even though no specific finding may have been made in reference thereto, and the same matter may not again be litigated by the parties or their privies in the same or any other court.

**4. Same—Denial of motion to set aside judgment is res judicata as to matters necessary to determination of the motion.**

In an action on claims against an estate defendant administrator pleaded the bar of the statutes of limitations, G. S., 1-52 (1), G. S., 28-112. Plaintiffs in reply pleaded agreement not to plead the statutes. Judgment of dismissal was entered. Plaintiffs moved to set aside the judgment for excusable neglect, G. S., 1-220. The court found that plaintiffs do not have a meritorious cause of action and denied the motion to set aside.

*Held:* The finding of the court was necessarily predicated upon prelimi-
nary determination that the claims were barred and that there was no
valid enforceable agreement not to plead the bar of the statutes, and
therefore the denial of the motion to vacate is *res judicata* as to these
matters and· is a bar to a subsequent action by plaintiffs on the same
claims.

APPEAL by plaintiffs from *Rousseau, J.,* at September Term, 1946, of
FORSYTH.    Affirmed.

·Civil action heard on plea in bar.

This action was instituted 26 June, 1946, after the opinion in *Craver
v. Spaugh,* 226 N. C., 450, was rendered.   The first and second causes
of action alleged in the complaint in the former action are restated in
identical language.   The defendant sets up the same defenses pleaded in
the former action.   In addition he alleges and asserts that plaintiffs are
estopped to maintain this action (1) by the judgment of nonsuit or
dismissal entered at the February Term, 1946, and, (2) by the judgment
of Pless, J., entered at the March Term, denying the motion of the
plaintiffs to vacate the judgment entered at the February Term, as
affirmed on appeal, *Craver v. Spaugh, supra,* and he pleads said judg-
ments as a bar to any recovery in this action.

On motion of plaintiffs the plea in bar was heard preliminary to trial
and sustained.   Judgment dismissing the action was entered and plain-
tiffs appealed.

*John J. Ingle and Walser & Wright for plaintiffs, appellants.*

*Ratcliff, Vaughn, Hudson & Ferrell and T. D. Carter for defendant,
appellee.*

BARNHILL, J.   The judgment dismissing the former action entered
at the February Term, 1946, is not, on this record, a bar to the mainte-
nance of this action.   G. S., 1-25.   A former judgment of nonsuit is
*res judicata.* as to a second action when and only when it is made to
appear that the second action is between the same parties, on the same
cause of action, and upon substantially the same evidence.   *Hampton v.
Spinning Co.,* 198 N. C., 235, 151 S. E., 266; *Batson v. Laundry,* 206
N. C., 371, 174 S. E., 90.   The plea cannot be determined from the
pleadings alone.   *Dix-Downing v. White,* 206 N. C., 567, 174 S. E., 451;
*Buchanan v. Oglesby,* 207 N. C., 149, 176 S. E., 281; *Batson v. Laundry,
supra; Hampton v. Spinning Co., supra.*

Does the judgment entered at the March .Term, denying the motion
of plaintiffs to vacate the judgment of dismissal, as affirmed by this
Court, *Craver v. Spaugh,* 226 N. C., 450, bar the plaintiffs' right to
maintain this action?   We are constrained to answer in the affirmative.

There were two ultimate questions of fact at issue at the hearing on that motion: (1) excusable neglect, and (2) meritorious cause of action. On the second question the court found as a fact that "the plaintiffs do not have a meritorious cause of action, and have no reasonable hope of successfully prosecuting their alleged claims." The full import of this conclusion can be appraised only by a review of the particular facts upon which it was based.

. The alleged cause of action for services rendered was barred by the three-year, G. S., 1-52 (1), and the six-months, G. S., 28-112, statutes of limitations at the time the first action was instituted 8 September, 1945, unless there was a valid and enforceable agreement not to plead such statutes in defense. It does not clearly appear whether the claim on which the second cause of action is bottomed was asserted in the claim filed 10 July, 1942. If so, it is barred by G. S., 28-112, and if not, the alleged conversion occurred more than three years prior to the institution of the first action to recover therefor. G. S., 1-52 (1). So then, this claim was likewise stale and unenforceable unless kept alive by the asserted contract not to plead the statutes of limitations.

It follows that before the court below could conclude or find plaintiffs had no meritorious cause of action it was compelled to make the preliminary particular finding (1) that the asserted claims were barred by the statutes of limitations pleaded by defendant, and (2) there was no valid enforceable agreement by defendant not to plead the bar of said statutes.

When the judgment below does not set forth in detail the facts found by the court and there is no request for such findings, it is presumed that the court, upon proper evidence, found the essential facts necessary to support the judgment entered. *McCune v. Mfg. Co.,* 217 N. C., 351, 8 S. E. (2d), 219, and cases cited.

When a fact has been directly tried and decided it cannot be contested again between the same parties or their privies in the same or any other court. *Bennett v. Holmes,* 18 N. C., 486; *Armfield v. Moore,* 44 N. C., 157; *Dawson v. Wood,* 177 N. C., 158, 98 S. E., 459; *McKimmon v. Caulk,* 170 N. C., 54, 86 S. E., 809; *Nash v. Shute,* 182 N. C., 528, 109 S. E., 353; *Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421; *Current v. Webb,* 220 N. C., 425, 17 S. E. (2d), 614; *Harshaw v. Harshaw,* 220 N. C., 145, 16 S. E. (2d), 666; *Bryant v. Shields,* 220 N. C., 628, 18 S. E. (2d), 157; *Cleve v. Adams,* 222 N. C., 211, 22 S. E. (2d), 567.

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment therein, and that such facts or questions become *res judicata* and may not again be litigated in a subsequent action between the same parties . . .,

regardless of the form the issue may take in the subsequent action . . ." 30 A. J., 920.

This rule prevails as to matters essentially connected with the subject matter of the litigation and necessarily implied in the final judgment, although no specific finding may have been made in reference thereto. If the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties. 30 A. J., 929.

At the hearing on the motion to vacate the former judgment the bar of the statutes of limitations and the existence of an enforceable agreement not to plead such statutes were decisive questions directly at issue. If the plaintiffs did not offer all available evidence on these questions they refrained from so doing at their peril. *Jefferson v. Sales Corp.,* 220 N. C., 76, 16 S. E. (2d), 462; *Mfg. Co. v. Moore,* 144 N. C., 527. As to them, they have had a day in court and an opportunity to be heard. The facts found by the court at that hearing are conclusive. They preclude any recovery in this cause.

Therefore, the judgment below must be

Affirmed.