R. FRAZIER PEMBERTON AND MRS. MARGUERITE PEMBERTON HARRELSON, GUARDIANS OF W. S. PEMBERTON, v. J. L. LEWIS, TRADING AS LEWIS FUNERAL HOME, AND RICHARD GORDON.

(Filed 30 November, 1955.)

1. **Judgments § 33a—**

   A judgment of nonsuit is not *res judicata* as to a second action unless it is made to appear that the second action is between the same parties, on the same cause of action, and upon substantially the same evidence.

2. **Judgments § 35—**

   A motion for dismissal on the ground that a judgment of nonsuit in a prior action between the parties constituted *res judicata*, is premature

when made prior to the introduction of evidence, since only by a consideration of the evidence in both actions may the court determine whether or not the evidence in both trials is substantially the same, and certainly such motion is properly denied when the court finds that the allegations in the complaints in the two actions are not substantially identical.

### 3. Appeal and Error § 2—

An appeal from the denial of a motion to dismiss on the ground that a judgment of nonsuit entered in a prior action between the parties constituted *res judicata*, is premature when the motion is made prior to the introduction of evidence, and the appeal will be dismissed.

APPEAL by defendants from *Phillips, J.,* April Term, 1955, of GUILFORD (Greensboro Division).

The plaintiffs instituted an action in the Superior Court of Guilford County on 31 May, 1950, against these defendants for the recovery of damages for the alleged actionable negligence of the defendants arising out of an incident alleged to have occurred on 27 October, 1949.

The plaintiffs recovered a judgment against the defendants and upon appeal to this Court the judgment was reversed in an opinion filed on 5 March, 1952, and reported in 235 N.C. 188, 69 S.E. 2d 512, and on 10 April, 1952, a judgment as of nonsuit was duly entered in the Superior Court upon the opinion and judgment of the Supreme Court.

The plaintiffs thereafter instituted the present action against the defendants on 9 July, 1952, for the recovery of damages for the alleged actionable negligence of the defendants arising out of the same incident alleged to have occurred on 27 October, 1949.

The defendants moved in the court below for a dismissal of this action on the ground that the judgment in the former action was *res judicata* of all matters growing out of the aforesaid incident. When the above motion was heard it was agreed by counsel that the trial judge should have before him the judgment roll of the action instituted on 31 May, 1950, by the same plaintiffs and against the same defendants, the record upon appeal to the Supreme Court at the Fall Term, 1951, including the briefs filed in the Supreme Court by the respective parties.

The court below found as a fact that the present action was instituted by the same plaintiffs against the same defendants to recover damages for the alleged negligence of the defendants arising out of the incident alleged to have occurred on 27 October, 1949, but that the allegations of the complaint in this action are substantially different in material aspects from the allegations of the complaint in the action instituted on 31 May, 1950. Hence, the motion to dismiss the action was denied and judgment entered accordingly.

The defendants appeal, assigning error.

*Frazier & Frazier for appellees.*
*Armistead W. Sapp for appellants.*

DENNY, J.   It seems to be settled in this jurisdiction that a judgment of nonsuit is not *res judicata* as to a second action unless it is made to appear that the second action is between the same parties, on the same cause of action, and upon substantially the same evidence.   *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Batson v. Laundry,* 206 N.C. 371, 174 S.E. 90; *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266.

Ordinarily, a motion to dismiss an action on the plea of *res judicata* will not be allowed on the pleadings alone.   *Craver v. Spaugh, supra;* *Buchanan v. Oglesby,* 207 N.C. 149, 176 S.E. 281; *Dix-Downing v. White,* 206 N.C. 567, 174 S.E. 451; *Batson v. Laundry, supra; Hampton v. Spinning Co., supra.*

Moreover, the court below found as a fact that the allegations in the complaint in the present action are substantially different in material aspects from the allegations of the complaint in the former action. Furthermore, the evidence to be considered on such motion may not be limited to the evidence that was adduced in the former trial, but contemplates a consideration of all the evidence adduced in support of the allegations of the respective complaints.   It is only by a consideration of all such evidence that the court may determine whether or not the evidence in both trials was substantially the same.   Therefore, we think the motion interposed below was prematurely made.   *Buchanan v. Oglesby, supra.*   Likewise, we hold that this appeal is premature and should be dismissed.

Appeal dismissed.