Charles S. HUNT
v.
Howard H. BRADSHAW.
Civ. No. 587.

United States District Court
M. D. North Carolina.

Oct. 4, 1956.

Eugene H. Phillips, Winston-Salem, N. C., for plaintiff.

Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., for defendant.

HAYES, District Judge.

The defendant has moved to dismiss the plaintiff's cause of action on the defendant's plea of *res judicata* basing the motion on the pleadings.

The plaintiff brought an action in the state court against the defendant on the same cause of action and introduced evidence, at the close of which the court dismissed the plaintiff's case as of nonsuit and entered judgment accordingly. The Supreme Court affirmed the judgment in Hunt v. Bradshaw, 242 N.C. 517, 88 S.E.2d 762. The court also denied a petition to rehear.

It is admitted that the plaintiff has paid all costs incident to the first action and that this action was commenced within twelve months from the time of the dismissal of the first action.

Opposing dismissal the plaintiff relies on General Statutes, § 1–25 which in part provides:

"If an action is commenced within the time prescribed therefor, and plaintiff is nonsuited * * * the plaintiff * * * may commence a new action within one year after such nonsuit * * * if the costs in the original action have been paid by the plaintiff before the commencement of the new suit".

The question of the availability of the plea of *res judicata* is whether it can be acted on by a motion to dismiss on the pleadings or whether the court must hear the evidence in order to determine whether there is any substantial difference between the plaintiff's new case and the one which has been formerly tried. There seems to be no doubt about the law of North Carolina on this

question. The authorities generally agree that the plaintiff is entitled to produce his evidence in the second trial before the court can determine whether the former case as proven, was substantially the same as the second case. If there is no substantial difference in the second trial then the court must apply and follow the judgment in the former case, otherwise the plaintiff is entitled to have the case go to the jury. Hampton v. Rex Spinning Co., 198 N.C. 235, 151 S.E. 266; Batson v. City Laundry Co., 206 N.C. 371, 174 S.E. 90; Pemberton v. Lewis, 243 N.C. 188, 90 S.E.2d 245; Swainey v. Great Atlantic & Pacific Tea Co., 204 N.C. 713, 169 S.E. 618.

In Batson v. City Laundry Co., supra, it is said:

"If it should be held that the plea of *res judicata* was applicable to the remedy set up by [G.S. § 1–25] it is manifest that this statute would be whittled down to a nullity because every judgment of nonsuit would then be set up as a bar to a new action. * * * It is apparent that [G.S. § 1–25] was enacted for the express purpose of giving the plaintiff another chance if the allegations and evidence warranted it."

Judge Denny in Pemberton v. Lewis, supra [243 N.C. 188, 90 S.E.2d 246], states the law to be:

"A motion to dismiss an action on the plea of *res judicata* will not be allowed on the pleadings alone. * * * Therefore, we think the motion interposed below was prematurely made."

The court will, therefore, overrule the motion to dismiss and allow the defendant an exception, but this motion may be renewed at the close of plaintiff's evidence at which time the court may determine whether there is any substantial difference between the allegations and proof in the instant case from the one previously tried. If there is no substantial difference then the doctrine of *res judicata* must be applied under the North Carolina law.