J. W. SEXTON v. A. R. FARRINGTON, MARY FARRINGTON, HIS WIFE, AND WALTER FARRINGTON.

(Filed 25 April, 1923.)

1. **Pleadings—Interpretation—Statutes.**

   The common law rule that every pleading shall be construed against the pleader has been materially modified by our statute, C. S., 535, whereunder the allegations of a pleading shall be liberally construed with a view of substantial justice between the parties; and a complaint will not be overthrown by demurrer unless it is wholly insufficient to state a cause of action, or unless it appears that the plaintiff has not shown sufficient ground for relief in law or equity.

2. **Same—Judgments—Fraud—Trusts.**

   The plaintiff brought action to subject certain lands of one of the defendants to the lien of his judgment, alleging that this defendant had mortgaged the *locus in quo* and had furnished the money to the purchaser at the foreclosure sale, who thereupon had conveyed the lands to the codefendants, the wife and stepson of the defendant, the original owner, in fraud of the plaintiff's right: *Held*, sufficient to permit of parol evidence upon the question of the relation of trustees and *cestui que trust* between the defendants, and to subject the equitable interest of the defendant, the beneficial owner, to the payment of the judgment.

### 3. Same—Limitation of Actions.

A suit to declare one of the defendants in execution the equitable owner of lands for the purchase of which he has furnished the price and his codefendants trustees, is barred by the ten-year statute of limitations. C. S., 445.

APPEAL by plaintiff from *Finley, J.,* at July Term, 1922, of ASHE.

Civil action. On 20 April, 1906, the plaintiff and his wife executed to the defendant A. R. Farrington a deed for a tract of land containing 42¾ acres, and, on 21 April, Farrington executed his two promissory notes to the plaintiff to secure the remainder of the purchase price. Before these notes became due A. R. Farrington and his wife on 11 February, 1907, in order to secure the sum of $425, executed to Lucy A. Dancy a mortgage on this land, and on 16 February, 1907, it was duly registered. On 9 June, 1908, the plaintiff recovered judgment against A. R. Farrington on his two notes for $145.53 and $182.50 respectively, with interest and cost, and the judgments were duly docketed in the clerk's office. The mortgagee sold the land on 29 August, 1910, and executed a deed to G. L. Park, the purchaser, and on 27 July, 1912, Park and his wife executed to the defendants Walter Farrington and Mary Farrington a deed for the land, which was duly registered.

The plaintiff brought suit against the defendants on 3 February, 1915, and on 15 April, 1918, took a nonsuit, and on the same day issued a summons which was the beginning of this action.

Mary Farrington is the wife of A. R. Farrington and Walter is his stepson.

The cause came on for trial and at the conclusion of the plaintiff's evidence the action on defendants' motion was dismissed as in case of nonsuit, and the plaintiff appealed.

*T. C. Bowie for plaintiff.*
*Park & Johnson and R. A. Doughton for defendants.*

ADAMS, J. The defense relied on may be reduced to two propositions: (1) The plaintiff's action is prosecuted to obtain relief on the ground of fraud and is barred by the three-year statute of limitations; (2) while the first summons was issued within three years from the time the cause of action accrued the second was issued after the expiration of this period and when the second suit was brought the cost incurred in the first had not been paid.

In consideration of the contentions with respect to the first proposition it becomes necessary to examine the complaint for the purpose of ascertaining the scope and effect of the allegations therein and the nature of the action stated and in doing so to keep in mind the statutory pro-

vision that in the interpretation of a pleading its allegations shall be liberally construed with a view to substantial justice between the parties. C. S., 535. This statute, it has been held, materially modifies the common law rule that every pleading shall be construed against the pleader and approves the doctrine that any relief may be granted which is consistent with the allegations in the complaint and embraced in the issues joined, although other and different relief may be sought by the pleader and demanded in the prayer for judgment. *Brewer v. Wynne,* 154 N. C., 468; *Wood v. Kincaid,* 144 N. C., 393; *Wright v. Ins. Co.,* 138 N. C., 488. In *Hartsfield v. Bryan,* 177 N. C., 168, the Court said: "A complaint will be sustained as against a demurrer, as we have held, if any part presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be gathered from it, under a liberal construction of its terms. *Blackmore v. Winders,* 144 N. C., 212; *Bank v. Duffy,* 156 N. C., 83; *Eddleman v. Lentz,* 158 N. C., 65; *Hendrix v. R. R.,* 162 N. C., 9. We said in *Bank v. Duffy, supra,* that a complaint will not be overthrown by demurrer unless it is wholly insufficient—that is, if from all its parts we can see that there is a cause of action and sufficient ground for relief in law or equity."

In the fifth paragraph of the complaint, it is true, the plaintiff alleges that the defendant A. R. Farrington with intent to hinder, delay, and defeat the plaintiff's collection of the judgments procured the execution of the deed to Walter Farrington and Mary Farrington; but he further alleges that the purchase money was paid by the defendant A. R. Farrington, or furnished by him and actually paid by another for his benefit, and that all the defendants participated in the fraudulent scheme. With a view to substantial justice we may construe the complaint as alleging that between the grantees Walter Farrington and Mary Farrington and their codefendant, A. R. Farrington, there exists the relation of trustees and *cestui que trust*—that the grantees have the legal and the other defendant the beneficial title to the land described in the deed made by Parks. In accordance with these allegations the plaintiff contends that the jury should be permitted to say whether the purchase was made and the money was paid by A. R. Farrington, the legal title vesting in his wife and stepson, and under proper instructions whether upon all the evidence a resulting trust for the benefit of A. R. Farrington is raised by implication or construction of law. Bispham's Principles of Eq., 20, 79; *Ducie v. Ford,* 138 U. S., 587; *Pegues v. Pegues,* 40 N. C., 419; *Hargrave v. King, ibid.,* 431; *Cunningham v. Bell,* 83 N. C., 328; *Thurber v. La Roque,* 105 N. C., 301; *Gorrell v. Alspaugh,* 120 N. C., 362; *Avery v. Stewart,* 136 N. C., 426; *Harris v. Harris,* 178 N. C., 7; *Lefkowitz v. Silver,* 182 N. C., 339; *Bank v. Scott,* 184 N. C., 314. (The criticism of *Thurber v. La Roque, supra,*

in *Michael v. Moore,* 157 N. C., 467, has reference to the investment of an insolvent husband's money in improvements on his wife's land.)

At the trial the plaintiff offered with other record evidence the deed to Walter Farrington and Mary Farrington and produced oral evidence tending to show that the purchase money was paid by the defendant A. R. Farrington for his own benefit. We think the court should have submitted this and other evidence to the jury in order to determine whether A. R. Farrington was the equitable owner of the land as contended. If the response of the jury should be favorable to the plaintiff he would then claim the right to subject the interest of the beneficial owner to the payment of the judgments. *McKeithan v. Walker,* 66 N. C., 95; *Hutchison v. Symons,* 67 N. C., 156; *Wall v. Fairley,* 77 N. C., 105; *McCaskill v. Lancashire,* 83 N. C., 393; *Trimble v. Hunter,* 104 N. C., 130; *Mayo v. Staton,* 137 N. C., 670; *Johnson v. Whilden,* 166 N. C., 104.

From this view of the case it results that the action is not barred by the statute of limitations. Primarily the object of the suit is to have the two grantees in the deed from Parks declared trustees and their codefendant declared the real owner in equity of the land in controversy; and an action which is prosecuted to have a party declared a trustee is barred by the lapse, not of three, but of ten years. C. S., 445; *Lynch v. Johnson,* 171 N. C., 611; *Phillips v. Lumber Co.,* 151 N. C., 520; *Norcum v. Savage,* 140 N. C., 472. The plaintiff's cause of action accrued 27 July, 1912, when Parks conveyed the legal title to his grantees, and the second summons was issued on 15 April, 1918. It is therefore immaterial whether the cost of the first action was paid after nonsuit and prior to the time the second summons was issued. The second suit was brought within ten years after the cause of action accrued. *Bradshaw v. Bank,* 172 N. C., 632; *Rankin v. Oates,* 183 N. C., 517.

Upon the evidence appearing in the record the judgment of nonsuit is

Reversed.