MARY BELLE BROWN v. S. A. JOHNSON.

(Filed 27 February, 1935.)

1. **Judgments L a—Judgment of nonsuit is bar to second action upon substantially identical allegations and evidence.**

   Judgment dismissing an action instituted after judgment of nonsuit in a prior action between the same parties is properly allowed upon the plea of *res judicata* where it appears that the allegations and evidence in both actions are substantially identical, and that the only variance is that the allegations and evidence in the second action are more elaborate and cumulative.

2. **Appeal and Error E a—**

   Where no summons appears in the record and there is nothing to show that the term of court was regularly held, or that the cause was properly constituted in court, the appeal is subject to dismissal under Rule 19.

APPEAL from *Sinclair, J.,* at June Term, 1934, of ORANGE.  Affirmed.

This is an appeal by the plaintiff, in a civil action to recover a penalty of $1,550 for the collection of usury, from a judgment rendered upon motion of the defendant to dismiss the action for that the merits thereof had been determined adversely to the plaintiff by a judgment of nonsuit granted in a former action based upon substantially the same allegations and evidence, which judgment was an estoppel by way of *res adjudicata* in this action.

*R. T. Giles for plaintiff appellant.*
*Graham & Sawyer for defendant appellee.*

SCHENCK, J.  A perusal of the pleadings and of the evidence in the former case and in the instant case leads us to the conclusion that identically the same issues arise upon the pleadings in the respective actions. The parties are the same.  The allegations and evidence are substantially the same, the only variance being that in the instant case they are more elaborate and cumulative.  The variance is of degree rather than of substance, there being no material facts that were provable under the instant pleadings that were not provable under the former, and no material facts supported by evidence in the instant case that were not supported by evidence in the former case.  His Honor, therefore, was correct in holding that the judgment in the former case, from which no appeal was taken and which remains unimpeached, was *res adjudicata,* and that the plaintiff was estopped thereby to prosecute this action. *Hampton v. Spinning Co.,* 198 N. C., 235; *Ferguson v. Spinning Co., ante,* 496, and cases there cited.

While we have considered this case upon its merits, we are constrained to call attention to the fact that the appeal might well have been dismissed under Rule 19 of this Court, since no summons appears in the record of the case on appeal, and there is nothing to show that the term of court was regularly held, or that the cause was properly constituted in court. *Sanders v. Sanders,* 201 N. C., 350; *Pruitt v. Wood,* 199 N. C., 788.

Affirmed.