MATTIE ESTELLE HALL, ADMINISTRATRIX OF THE ESTATE OF LILLIE MAE HALL, PLAINTIFF v. HARRY CARROLL AND CHAMPION PAPER AND FIBRE COMPANY, DEFENDANTS; JOHN H. SINGLETON AND ULYSSES MOORE, ADDITIONAL DEFENDANTS.

AND

ROBERTA McMILLIAN MOORE, ADMINISTRATRIX OF THE ESTATE OF JAMES ARTHUR McMILLIAN, PLAINTIFF v. HARRY CARROLL AND CHAMPION PAPER AND FIBRE COMPANY, DEFENDANTS; JOHN H. SINGLETON AND ULYSSES MOORE, ADDITIONAL DEFENDANTS.

(Filed 19 October, 1960.)

**1. Automobiles § 48: Negligence § 19—**

Where a passenger in a car is killed in a collision, the passenger's administrator may sue either one or both of the drivers, and each driver is severally liable if his negligence was a proximate cause of the injury and death, and as to plaintiff his liability is not enlarged or diminished by the fact that the negligence of the other driver may or may not have been a contributing cause of the accident.

**2. Limitation of Actions § 12: Death § 4—**

Where an action for wrongful death is instituted against several defendants and nonsuited for variance, a second action instituted within one year of the nonsuit is a continuation of the original action in so far as a party who is a defendant in both actions, upon substantially similar allegations of negligence, is concerned, notwithstanding that some of the parties defendant in the first action were not joined in the second and the fact that parties were joined as defendants in the second action who were not defendants in the first. G.S. 1-53(4), G.S. 1-25.

**3. Judgments § 33—**

A plea of *res judicata* on the ground of a prior judgment of nonsuit can be sustained only if both the allegations and evidence in the actions are substantially the same, and it is error for the court to determine the plea on the pleadings alone prior to the introduction of evidence.

APPEALS by plaintiffs from *Froneberger, J.,* February 1960 Term, BUNCOMBE Superior Court.

These civil actions (consolidated for hearing) grew out of an auto-

mobile accident involving three vehicles. The accident occurred on November 17, 1956, near the town of Fletcher in Henderson County. Lillie Mae Hall was killed instantly and James Arthur McMillian died three weeks later from injuries received in the accident. Both were guest passengers in an automobile driven by Ulysses Moore.

On February 12, 1957, the plaintiffs' administrators each brought an action for wrongful death against John H. Singleton, driver, Arthur E. Cox, Sr., owner of a Chevrolet truck, and Harry Carroll, driver, and Florence Carroll, owner, of a Ford, alleging on the part of each driver separate acts of negligence which concurred in causing the accident and injury. Answers were filed denying negligence.

At the July Term, 1958, the cases were consolidated and tried together. Judgments of involuntary nonsuits were entered because of a variance between the allegations and the proof. This Court granted *certiorari*, reviewed the case, and on December 10, 1958, affirmed the judgment of the superior court. The case is reported in 249 N.C. 287, 106 S.E. 2d 214.

On February 2, 1959, the present actions were instituted by the same plaintiffs against Harry Carroll and Champion Fibre Company, alleging on the part of Carroll the same negligent acts alleged against him in the former actions. The new complaints further alleged that at the time of the accident Carroll was operating the Ford as agent and employee of Champion Fibre Company.

The defendant Carroll, upon motion, brought in John H. Singleton and Ulysses Moore (the other drivers involved in the accident) as additional defendants for purposes of contribution. On motion, the court by consent dismissed the action against Champion Fibre Company as not having been brought within two years. The defendant Carroll filed an answer denying negligence, and as a further defense alleged the deaths occurred on November 17, 1956, and December 9, 1956, more than two years prior to the institution of these actions on February 2, 1959, and pleaded the lapse of time (statute of limitations, G.S. 1-53) in bar of recovery.

As a fourth further defense, defendant Carroll alleged the acts of negligence charged against him in the present actions are substantially the same as those charged in the former actions and that evidence will be substantially the same as that offered in the prior hearing. He pled in bar the former judgments as final adjudications of the issues now raised.

The court found facts and entered the following Order: "Upon the foregoing findings of fact, the Court concludes, as a matter of law, that the present actions before the Court are not a continuation of

the former actions instituted on February 12, 1957, but that said actions are new actions between different parties for different causes of action, and founded upon a different state of facts; that the present actions were instituted more than two years after the death of plaintiffs' intestates and, therefore, are barred by North Carolina General Statutes 1-53."

The plaintiffs excepted and appealed.

*S. Thomas Walton for plaintiffs, appellants.*

*Van Winkle, Walton, Buck and Wall, By: Herbert L. Hyde for defendant Harry Carroll, appellee.*

HIGGINS, J. These actions were not brought within two years after the deaths of plaintiffs' intestates. G.S. 1-53(4). They are, therefore, barred unless kept alive as continuations of former actions. G.S. 1-25. The trial court made extensive findings of fact and concluded as a matter of law the present actions are new, and dismissed them.

The court properly found the plaintiffs are the same, but that John S. Singleton, Andrew E. Cox, Sr., and Florence Carroll, original defendants, were omitted, and Champion Fibre Company was added as party defendant. The prayers for recovery were $50,000 in each of the first, and $25,000 in each of the second actions.

In the original complaints specific acts of negligence on the part of Harry Carroll were alleged. Likewise, specific negligent acts were charged against John H. Singleton. The joint and concurrent acts and omissions on the part of the defendants "were and each of them was the proximate cause" of the collision and resulting injury. The plaintiffs' intestates were guest passengers in a vehicle driven by Moore. If the jury should find, therefore, that any negligent act or omission alleged against Carroll was one of the proximate causes of the accident and injury, then a recovery against Carroll would be warranted, even though negligent acts of others may have concurred as a proximate cause. "Accordingly, where several causes combined to produce injury a person is not relieved from liability because he is responsible for only one of them." *Price v. Gray,* 246 N.C. 162, 97 S.E. 2d 844.

As was said by the Supreme Court of Oklahoma in *Midland Valley R. Co. v. Townes,* 179 Okla. 136, 64 P. 2d 712, "The defendants in the former action were not sued jointly, but jointly and severally. Plaintiff could have dismissed as to either. The rule is that while the second suit must be for the same cause of action as the first

suit, it need not necessarily be against all of the defendants in the first suit unless all were necessary parties to the first suit." To the same effect is *Stevens v. Wood,* 17 Ga. App. 736, 88 S.E. 413: "Where the first suit was brought against two or more joint *tort feasors,* as in the instant case, each of whom was jointly suable but severally liable, all the defendants were not necessary parties to either the first or the second suit."

The rule is that a plaintiff may toll the running of the statute of limitations if within a year after nonsuit he brings another action on the same cause. The allegations constituting the cause must be in substance the same. The parties must be the same. In this case the plaintiffs are the same. The present defendant Carroll is the same defendant as in the first action. The allegations of negligence on his part are the same. They are sufficient to state a cause of action for individual liability on his part. In the original action John H. Singleton was charged with specific acts of negligence which would make him liable also. Consequently the allegations in the first action that the negligent acts of both joined and concurred in producing the injury cannot cancel out and eliminate the several separate acts charged against each.

The plaintiffs' intestates being guest passengers in another vehicle involved in the accident, their personal representatives may maintain an action against any one or more defendants whose negligent acts participated in and proximately caused the harmful result. Neither the elimination nor the addition of one or more of the defendants in the first, constituted the later a new or different action, unless their absence or presence is necessary to the determination of the issues between the plaintiff and the remaining defendant Carroll. However, neither by the elimination of original parties nor the addition of new ones can the liability of the defendant Carroll be enlarged. *Davis v. R. R.,* 200 N.C. 345, 157 S.E. 11; *Trull v. R. R.,* 151 N.C. 545, 66 S.E. 586.

The trial court apparently held the present is a new and different action upon the ground that Singleton, Cox, and Florence Carroll were eliminated from the first, and Champion Fibre Company was added in the second action. These facts, under the circumstances of this case, do not constitute the present a new action. The liability of Carroll is not enlarged.

As one of his further defenses the defendant Carroll has alleged the acts of negligence charged against him in the present action are substantially the same as those charged in the original action; that

the evidence will be the same, and that his plea of *res judicata* should be sustained. A plea of *res judicata* cannot be determined on the pleadings alone, but only after the evidence is presented. *Hayes v. Ricard,* 251 N.C. 485, 112 S.E. 2d 123; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Dix-Downing v. White,* 206 N.C. 567, 174 S.E. 451.

The issues between the plaintiffs and the defendant Carroll are now what they have always been. The plaintiffs preserve their right to try them by bringing the present actions within 12 months from the time the judgments of nonsuit were sustained. The defendant's plea of *res judicata,* however, remains in the case to be passed on after the evidence has been presented.

For the error in dismissing the action as to Carroll, the judgment of the superior court is

Reversed.