NICHOLAS A. WALKER v. CARL O. STORY.

(Filed 28 February, 1962.)

**1. Trial § 19—**

A motion for judgment of nonsuit is a demurrer to the evidence and presents the legal question whether the evidence, considered in the light most favorable to plaintiff, is sufficient to be submitted to the jury upon the issue; judgment of nonsuit is also proper if it affirmatively appears from the evidence as a matter of law that plaintiff is not entitled to recover.

**2. Judgments § 33—**

A judgment of involuntary nonsuit for the insufficiency of evidence is *res judicata* and bars a subsequent action if the allegations and evidence in the subsequent action are substantially identical with those of the first.

**3. Judgments § 38—**

Since a judgment of involuntary nonsuit for the insufficiency of the evidence bars a subsequent action on the same cause only if the allegations and evidence in the second action are substantially identical with those of the first, the plea of *res judicata* in the second action is improperly sustained upon consideration of the pleadings alone without the introduction of evidence.

**4. Limitation of Actions § 12—**

The statutory provision allowing a second action to be brought within a year after judgment of nonsuit extends the period of limitation but does not abridge it.

WINBORNE, C.J., not sitting.

APPEAL by plaintiff from *Campbell, J.,* August 31, 1961 Regular Term of POLK.

This action was instituted June 26, 1961.

The complaint alleges plaintiff is the owner of a described tract of land; that defendant claims an interest therein adverse to plaintiff, which claim constitutes a cloud on plaintiff's title; and that plaintiff is entitled to have the cloud so created removed. Answering, defendant

denied plaintiff owned the land; and, as a further defense, alleged his ownership and rightful possession thereof.

As a separate further defense, defendant pleaded, as *res judicata,* a judgment of involuntary nonsuit entered June 7, 1960, at the conclusion of plaintiff's evidence, in the trial of a prior action by plaintiff against defendant, which, on plaintiff's appeal, was affirmed by this Court.

On defendant's motion, the cause was heard on defendant's plea of *res judicata.* It was stipulated that the complaint, answer and judgment in the prior action were as set forth in the copies attached to defendant's answer. No other evidence was offered.

The court found as a fact that plaintiff could have presented in the prior action "any and all evidence to establish his title to the premises in question that the plaintiff could offer and establish in the present cause"; and, based expressly on *Hayes v. Ricard,* 251 N.C. 485, 112 S.E. 2d 123, entered judgment sustaining defendant's plea of *res judicata* and dismissing the action.

Plaintiff excepted and appealed.

*W. Y. Wilkins, Jr., for plaintiff appellant.*
*Jones & Jones for defendant appellee.*

BOBBITT, J.  The sole question presented on this appeal is whether the court erred in sustaining defendant's plea of *res judicata* and in dismissing the action on that ground.

The complaint in plaintiff's prior action against defendant contains substantially the same allegations set forth in the complaint in the present action; and, apart from the plea of *res judicata,* defendant's allegations in the two actions are substantially the same.

At the trial of the prior action, the court, on defendant's motion, entered judgment of involuntary nonsuit at the conclusion of plaintiff's evidence. On plaintiff's appeal therefrom, this judgment was affirmed on the ground the evidence offered by plaintiff was insufficient to establish his alleged title and right to possession. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147.

A motion for judgment of nonsuit under G.S. 1-183 is a demurrer to the evidence. McIntosh, North Carolina Practice and Procedure, § 565; *Lewis v. Shaver,* 236 N.C. 510, 512, 73 S.E. 2d 320, and cases cited. It presents a question of law, namely, whether the evidence, when considered in the light most favorable to plaintiff, is sufficient to carry the case to the jury and to support a recovery. *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463.

"It is the duty of the court to allow the motion in either of two

events: first, when all of the evidence fails to establish a right of action on the part of plaintiff; second, when it affirmatively appears from the evidence as a matter of law that plaintiff is not entitled to recover." *Jenkins v. Fowler,* 247 N.C. 111, 115, 100 S.E. 2d 234, and cases cited.

Where the insufficiency of plaintiff's evidence is the ground on which the court sustains a demurrer to the evidence and enters a judgment of involuntary nonsuit, the plaintiff is permitted to institute a new action and therein offer additional evidence to overcome such deficiency. If, upon the trial of the new action, "it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and *substantially identical evidence,* and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res adjudicata,* and thus end that particular litigation." (Our italics) *Hampton v. Spinning Company,* 198 N.C. 235, 240, 151 S.E. 266; *Kelly v. Kelly,* 241 N.C. 146, 84 S.E. 2d 809, and cases cited; *McDevitt v. Chandler,* 241 N.C. 677, 679, 86 S.E. 2d 438, and cases cited; *Pemberton v. Lewis,* 243 N.C. 188, 90 S.E. 2d 245.

These well established legal principles are fully recognized in *Hayes v. Ricard,* 251 N.C. 485, 491, 112 S.E. 2d 123. There, in the hearing on defendants' plea of *res judicata,* evidence was offered by plaintiffs and by defendants; and, based on the court's findings, it was held that the judgment of involuntary nonsuit entered in the former action "was an adjudication upon the merits of the action, for that plaintiffs' evidence showed affirmatively that defendant Ricard had a better title to the land from a common source, and that they are not entitled to recover, which was her (defendant's) defense."

Reference is made in *Hayes v. Ricard, supra,* to the well established rule that "(a) judgment rendered in an action estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward." *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822. But this rule is applicable where, as held in *Hayes v. Ricard, supra,* the judgment in the prior action constitutes an adjudication thereof upon the merits, not to a judgment of involuntary nonsuit entered on account of the insufficiency of plaintiff's evidence. *Kelly v. Kelly, supra,* p. 150.

No question relating to the statute of limitations is now presented. Whether plaintiff seeks to invoke the provisions of G.S. 1-25 does not appear. The complaint makes no reference to the prior action. In this connection, it is noted: "The statute (now G.S. 1-25) allowing actions to be brought within a year after judgment of nonsuit, was intended

to extend the period of limitation, but not to abridge it." *Keener v. Goodson,* 89 N.C. 273; McIntosh, North Carolina Practice and Procedure, § 125, and cases cited. See also, *Bradshaw v. Bank,* 172 N.C. 632, 90 S.E. 789; *Rankin v. Oates,* 183 N.C. 517, 112 S.E. 32; *Sexton v. Farrington,* 185 N.C. 339, 117 S.E. 172.

Whether the judgment in the prior action is a bar to the present action depends upon whether the evidence presented by plaintiff herein is substantially the same as that offered by plaintiff upon trial of the prior action. "A plea of *res judicata* cannot be determined on the pleadings alone, but only after the evidence is presented." *Hall v. Carroll,* 253 N.C. 220, 116 S.E. 2d 459; *Hayes v. Ricard, supra.* Here, neither the evidence offered at the trial of the prior action nor the evidence plaintiff proposes to offer in the present action was before the court. Hence, the judgment of the court below was entered prematurely and must be reversed.

Reversed.

WINBORNE, C.J., not sitting.