VERNON POWELL v. MRS. THOMAS CROSS, JR. AND MR. THOMAS
CROSS, JR.

(Filed 21 September, 1966.)

**1. Judgments § 33—**

    A plea of *res judicata* based on a prior judgment of compulsory nonsuit
can be sustained only when the allegations and evidence in the two ac-
tions are substantially the same, and in the second action plaintiff is not
limited to the evidence that was adduced at the former trial.

**2. Same—**

    It is error for the court to determine a plea of *res judicata* entered in
a second action brought within one year of judgment of involuntary non-
suit entered in the prior action, solely from the pleadings in the two
actions and the judgment roll in the prior action, since the plea cannot
be properly determined until the introduction of evidence in the second
action, so that it can be ascertained that not only the allegations but the
evidence in the two actions are substantially identical.

APPEAL by plaintiff from *Mintz, J.,* May 1966 Session of MARTIN.

Plaintiff seeks to recover damages for injuries to his person
and to his automobile allegedly caused on 7 August 1961 by the ac-
tionable negligence of the *feme* defendant in driving a family pur-
pose automobile owned by her husband, the male defendant, with
his consent. The complaint in the instant case was verified by plain-
tiff on 19 February 1966.

Defendants filed an answer to the complaint here on 28 March
1966. Defendants allege as a first answer and pleas of estoppel and
*res judicata* the following: On 31 August 1964 plaintiff instituted an
action for damages against them and Stephen M. Ginelewicz aris-
ing out of an automobile accident on 7 August 1961, which is the
subject matter of this action. At the November 1964 Session of
Martin County Superior Court the case came on for trial. Plaintiff
called as a witness for himself the passenger in the automobile op-
erated by Mrs. Thomas Cross, Jr., and her testimony showed affirm-
atively that the accident was not caused by any negligence on the
part of Mrs. Cross. When the plaintiff rested his case, the defend-
ants Cross made a motion for judgment of compulsory nonsuit,
which motion was allowed and judgment to that effect was signed
on 25 November 1964. From this judgment of compulsory nonsuit,
plaintiff appealed to the Supreme Court, Spring Term 1965. The Su-
preme Court in an opinion reported in 263 N.C. 764, 140 S.E. 2d 393,
by unanimous decision affirmed the judgment of nonsuit. (It appears
from our decision in our Reports that the trial proceeded as against
defendant Ginelewicz, and the jury absolved Ginelewicz of blame.
Judgment was entered dismissing the action.)

The allegations in the complaint filed in the instant action are substantially the same as those filed in the action on 31 August 1964, and the facts essential to the plaintiff's action were judicially determined in the trial at the November 1964 Session of the Martin County Superior Court and affirmed by the Supreme Court in its opinion in the volume of our Reports stated above. Defendants specifically plead the judgment of compulsory nonsuit entered at the November 1964 Session of Martin County Superior Court, and duly affirmed by the Supreme Court, as an estoppel and *res judicata* of plaintiff's right to bring this action. In their answer defendants plead three further defenses, which are not relevant to the decision of this appeal and are omitted.

Plaintiff filed a reply to the affirmative defenses of defendants.

When the case came on for trial at the May 1966 Session of Martin County Superior Court, Judge Mintz presiding determined in his discretion that it was proper to adjudicate the pleas of estoppel and *res judicata* before a trial of the cause of action on its merits. Judge Mintz's judgment states in substance: The court reviewed the complaint filed by plaintiff on 31 August 1964, and the answer of defendants filed to said complaint, and also reviewed the judgment rendered in the action at the November 1964 Session of Martin County Superior Court; the record of evidence on appeal and the decision of the Supreme Court of North Carolina reported in 263 N.C. 764; and the complaint of the plaintiff filed on 21 February 1966 in the instant case, and the answer of the defendants filed thereto and the reply of the plaintiff to the answer of the defendants. That after hearing argument of the counsel of the parties, the court, being of the opinion that the pleas of *res judicata* and estoppel should be sustained and the action of the plaintiff dismissed, ordered that the action of the plaintiff be dismissed. From this judgment plaintiff appeals to the Supreme Court.

*Edgar J. Gurganus for plaintiff appellant.*
*Griffin & Martin by Clarence W. Griffin for defendant appellees.*

PARKER, C.J. On plaintiff's appeal in the prior action the Supreme Court affirmed the judgment of compulsory nonsuit in an opinion filed on 24 February 1965 on the ground of insufficiency of plaintiff's evidence. The record shows that the instant action was commenced by the issuance of summons on 21 February 1966, which is within one year after the judgment of compulsory nonsuit was affirmed in the Supreme Court. G.S. 1-25.

The sole question presented on this appeal is whether the trial

court erred in sustaining defendants' pleas of estoppel and *res judicata,* and dismissing the instant action on that ground, before plaintiff had introduced any of his evidence in the instant action. The answer is, Yes.

It is settled law in this jurisdiction that when a prior action is nonsuited on the ground of insufficiency of plaintiff's evidence, a plea of *res judicata* on the ground of a prior judgment of compulsory nonsuit can be sustained when, and only when, the allegations and evidence in the two actions are substantially the same. A plea of *res judicata* ordinarily cannot be determined on the pleadings in the two actions, the judgment of compulsory nonsuit entered in the prior action on the ground of insufficiency of the evidence, the record of evidence in the prior action on appeal, and the decision of the Supreme Court in respect to the prior action. A plea of *res judicata* can be determined only after the evidence in the second action is presented. *Walker v. Story,* 256 N.C. 453, 124 S.E. 2d 113; *Moore v. Carroll,* 253 N.C. 220, 116 S.E. 2d 459; *Hayes v. Ricard,* 251 N.C. 485, 112 S.E. 2d 123; *Pemberton v. Lewis,* 243 N.C. 188, 90 S.E. 2d 245; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Brown v. Johnson,* 207 N.C. 807, 178 S.E. 570; *Batson v. Laundry,* 206 N.C. 371, 174 S.E. 90; *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266.

In considering the question as to whether the judgment of compulsory nonsuit is *res judicata* as to the second action, "the evidence to be considered on such motion may not be limited to the evidence that was adduced in the former trial, but contemplates a consideration of all the evidence adduced in support of the allegations of the respective complaints. It is only by a consideration of all such evidence that the court may determine whether or not the evidence in both trials was substantially the same." *Pemberton v. Lewis, supra.*

This is said in 3 Strong's N. C. Index, Judgments, § 38:

"In order to sustain a plea of estoppel by judgment in an action instituted after judgment of nonsuit the court must find that the allegations and evidence in the second action are substantially identical with the first. Therefore, the plea may not be properly determined prior to the introduction of the evidence. The court should not allow the plea without first hearing the evidence and finding the facts as to the identity of the allegations and evidence. But when the court denies the plea, it is discretionary with the court whether to find the facts."

See *Walker v. Story, supra,* p. 455, as to estoppel by judgment, when the judgment in the prior action constitutes an adjudication thereof upon the merits, not to a judgment of involuntary nonsuit entered on account of the insufficiency of plaintiff's evidence.

*Wilson v. Hoyle,* 263 N.C. 194, 139 S.E. 2d 206, relied on by defendants, is factually distinguishable, in that it is stated in the opinion, "The stipulations referred to in the judgment establish the identity of parties and of subject matter in the two actions."

The trial court committed error in sustaining defendants' pleas of *res judicata* and estoppel and in dismissing plaintiff's action. ". . . [O]rdinarily, where there is a demurrer to the evidence and the court sustains the demurrer and enters a judgment of involuntary nonsuit, the plaintiff is permitted to bring another action in order that he may 'mend his licks,' if he can." *Kelly v. Kelly,* 241 N.C. 146, 84 S.E. 2d 809. The defendants' pleas of estoppel and *res judicata,* however, remain in the case to be passed on after all the evidence has been presented in the instant case. The judgment of the superior court is

Reversed.