JOHN A. BARRINGER v. L. H. WEATHINGTON AND BILLIE
WEATHINGTON

No. 6912SC25

(Filed 31 December 1969)

**1. Judgments § 35—**
    The plea of *res judicata* must be founded upon an adjudication on the merits and may be maintained only where there is identity of parties, subject matter and issues.

**2. Judgments §§ 37, 42— judgment of dismissal based on referee's report — insufficiency of plaintiff's evidence — res judicata**
    In this action to recover damages for the removal of timber from land allegedly owned by plaintiff, to remove the cloud of defendant's adverse claim from plaintiff's title, and to declare plaintiff owner of the land, the trial court did not err in the denial, prior to hearing plaintiff's evidence, of defendants' plea of *res judicata* based upon judgment entered by

the superior court dismissing an action brought by plaintiff which involved identical parties, subject matter and issues, where the court in dismissing the prior action adopted the report of a referee in a compulsory reference, entered after presentation of plaintiff's evidence, concluding that plaintiff had failed to prove title to the land, there having been no adjudication on the merits since the judgment dismissing the prior action was equivalent to a nonsuit for the insufficiency of plaintiff's evidence, and a plea of *res judicata* based on a prior judgment of compulsory nonsuit being sustainable only when the allegations *and* evidence in the two actions are substantially the same.

APPEAL by defendants from *Canaday, J.,* 26 August 1968 Civil Session of CUMBERLAND Superior Court.

This is a civil action commenced 21 June 1968 in which plaintiff seeks to recover damages for the unlawful cutting of timber on a described tract of land which plaintiff alleges is owned by him, to remove the cloud of defendants' adverse claim from plaintiff's title, and to obtain judgment declaring plaintiff the owner and entitled to possession of the land. Defendants denied plaintiff's ownership of the land, alleged ownership in themselves, and in a further answer alleged as a plea in bar that the matter of ownership had already been adjudicated adversely to plaintiff. In this regard defendants alleged: that on 16 February 1962 plaintiff had commenced a processioning proceeding to establish boundary between plaintiff and defendants and others; that in that proceeding defendants had answered, denying plaintiff's title and alleging title in themselves; that the court had ordered a compulsory reference; that the referee conducted hearings at which evidence for the plaintiff was presented; that the referee filed his report making findings of fact on the basis of which he concluded as a matter of law that plaintiff had failed to prove title to the land "under any of the methods as required by law"; that the referee recommended plaintiff's action be nonsuited; and that on 25 March 1968 judgment was entered by the superior court adopting the referee's findings of fact and conclusion of law and dismissing plaintiff's action. Copies of the pleadings, orders, record of the hearing before the referee, report of the referee, and judgment in the prior action were attached to defendants' answer in support of their plea in bar.

The plaintiff and defendants stipulated that the parties in the prior action were the same for the purposes presented in this case (except there was one additional defendant in the prior action) and that the land involved in the present action is part of the land described in the petition in the prior proceeding as being owned by the petitioner.

Upon hearing on the plea in bar, the court overruled defendants' motion to dismiss the present action as *res judicata,* and defendants appealed.

*Williford, Person & Canady by N. H. Person for defendant appellants.*

*Chambliss & Paderick by Clifton W. Paderick for plaintiff appellee.*

PARKER, J.

The sole question presented is whether the court erred in refusing to sustain defendants' plea of *res judicata.*

**[1, 2]**    The plea of *res judicata* must be founded upon an adjudication on the merits and may be maintained only where there is identity of parties, subject matter, and issues. 5 Strong, N. C. Index 2d, Judgments, § 35, p. 63. Here, identity of parties and subject matter has been stipulated and the validity of plaintiff's title was at issue in the prior proceeding as it is in this one. The only question remaining is whether the prior adjudication was on the merits. In this connection the case on appeal contains a stipulation of the parties that the referee's report in the prior action was entered at the conclusion of plaintiff's evidence, that the evidence which had then been presented by the plaintiff was insufficient to prove title to the land in question, and that the referee's conclusion that the plaintiff had failed to prove title and his recommendation that the prior action should be dismissed were "supported by the insufficiency" of plaintiff's evidence. It is, therefore, clear that the judgment dismissing plaintiff's action in the prior case was equivalent to a nonsuit for insufficiency of plaintiff's evidence.

"It is settled law in this jurisdiction that when a prior action is nonsuited on the ground of insufficiency of plaintiff's evidence, a plea of *res judicata* on the ground of a prior judgment of compulsory nonsuit can be sustained when, and only when, the allegations and evidence in the two actions are substantially the same. A plea of *res judicata* ordinarily cannot be determined on the pleadings in the two actions, the judgment of compulsory nonsuit entered in the prior action on the ground of insufficiency of the evidence, the record of evidence in the prior action on appeal, and the decision of the Supreme Court in respect to the prior action. A plea of *res judicata* can be determined only after the evidence in the second action is presented." *Powell v. Cross,* 268 N.C. 134, 150 S.E. 2d 59.

The trial court was, therefore, correct in denying defendants' plea in the present case prior to hearing plaintiff's evidence. Only after plaintiff's evidence is presented in this action will it be possible to determine if the evidence in the two actions is substantially identical.

*Coburn v. Timber Corporation,* 260 N.C. 173, 132 S.E. 2d 340, relied on by appellants, is distinquishable. In that case the Supreme Court noted that both parties had presented extensive evidence as to title in the prior proceeding before the referee, and the Court stated (p. 176) "[t]he report of the referee, approved by the judge, is equivalent to an express jury finding that plaintiffs were not the owners of the land in controversy. They are now estopped as to Timber Corporation to assert that they do own the land." In the case now before us the record clearly establishes that the report of the referee in the prior processioning proceeding was not equivalent to an express jury finding that plaintiff was not the owner of the land in controversy; all that the referee found was that plaintiff's evidence had been insufficient to establish his title.

Affirmed.

MALLARD, C.J., and BRITT, J., concur.