JOHN H. PHIPPS, HOWARD PHIPPS AND BESSEMER TRUST COMPANY, A NEW JERSEY CORPORATION, TRUSTEES UNDER THE WILL OF JOHN S. PHIPPS, DECEASED; JOHN H. PHIPPS, MICHAEL G. PHIPPS AND GRACE NATIONAL BANK OF NEW YORK, TRUSTEES UNDER A TRUST AGREEMENT, DATED MAY 4, 1956, CREATING A TRUST KNOWN AS "JOHN S. PHIPPS FOUNDATION"; HOWARD PHIPPS, TRUSTEE UNDER THE WILL OF AMY GUEST, DECEASED; AND HENRY B. MARTIN, TOWNSEND B. MARTIN, ALASTAIR B. MARTIN, AND ESMOND B. MARTIN v. CORTEZ GASKINS, A. S. AUSTIN, LEE ROBINSON, M. L. BURRUS, MRS. URSA STOWE, MILLARD BALLANCE, CARLOS ODEN, PERRY AUSTIN, BERNICE BALLANCE, ROY GASKINS, FRED PETERS, GEORGE H. HINE, MRS. JULIA R. TANDY, EDGAR STYRON, E. R. MIDGETT, AND LEE PEELE

No. 701SC264

(Filed 24 June 1970)

**Ejectment § 10—   failure to locate exception in deed — nonsuit**

   In this action in ejectment wherein plaintiffs claim title to the dis-

puted lands under a 1910 grant from the State which contains an exception to the described premises, the trial court properly entered judgment of nonsuit where it does not appear from plaintiffs' evidence or any admission of defendants that defendants are claiming within the exception, and plaintiffs failed to locate the exception in order to show that defendants' possessions are not within the exception.

APPEAL by plaintiffs from *Parker (Joseph W.), J.,* 13 January 1969 Session, DARE Superior Court. By consent of all parties final judgment was entered 24 October 1969.

This action was instituted to remove numerous alleged clouds upon the title to plaintiffs' property. The property which plaintiffs claim they own extends for several miles along Hatteras Island. Plaintiffs claim under a grant from the State in the year 1910. They allege that defendants claim to be owners of various tracts of land within the outer boundaries of the grant. The parties agree that the case was treated as an action in ejectment.

The cause was heard by referee who concluded that each defendant's motion for judgment of nonsuit should be allowed; and these rulings by the referee were upheld upon the exceptions heard by Judge Parker. Plaintiffs appealed.

*Wallace R. Gray and John H. Hall, Jr., for plaintiffs.*

*Leroy, Wells, Shaw, Hornthal & Riley; Twiford & Abbott; and McCown & McCown, for defendants.*

BROCK, J.

This lawsuit has meandered at a leisurely pace. Complaint was filed 25 August 1962; the last answer was filed on 22 October 1965; on some date prior to 3 September 1963 Judge Bundy ordered a survey; between 3 September 1963 and 25 September 1963 the survey was made and map prepared; on 11 June 1964 Judge Cowper entered an order of reference; the Referee conducted hearings on 19 April 1965 and on 22 August 1966, and filed his report on 21 August 1967; upon appeal by plaintiffs from the Referee's report the matter was heard by Judge Parker at the January 1969 Session, but by consent the judgment was not entered until 24 October 1969. The appeal from Judge Parker's judgment was docketed in this Court on 16 March 1970.

Plaintiffs claim title to the tract of land described in a grant from the State, dated 26 January 1910, to Mrs. Georgia A. Gaskins. The description of the outer boundaries of the grant will not close

and plaintiffs have undertaken to show the location of the lines on the ground by surveying according to the monuments referred to in the grant. However, aside from the problems encountered in their attempt to establish the location of the outer boundaries of the grant on the ground, plaintiffs completely failed to locate the exception contained in the grant. The exception reads as follows: "The lands mentioned in Judgment of Superior Court, Spring Term (Dare County) 1909, in case of C. E. Rollinson, Plaintiff vs Georgia A. Gaskins, are excepted from this grant, . . . ."

"Where it appears from the showing of a *prima facie* title by the plaintiff or the judicial admission of the defendant that the land in dispute in an action of ejectment or other action involving the establishment of a land title is within the external boundaries of the plaintiff's deed and that the defendant claims it under an exception in such deed, the burden is on the defendant to bring himself within such exception by proper proof." *Paper Co. v. Cedar Works,* 239 N.C. 627, 80 S.E. 2d 665. However, this rule is not applicable in the present case because it does not appear from plaintiffs' evidence, or any admission by defendants, that the defendants are claiming within the exception in the grant; therefore the burden of proof was upon plaintiffs to locate the exception within the outer boundaries of the grant in order to show that defendants' possessions were not within the exception. As was said in *Peacock v. R. R.,* 203 N.C. 216, 165 S.E. 357, "[t]he principle that the burden of proof is on one claiming under an exception in a deed or grant to show that his claim comes within the exception (citation omitted), is not applicable in the instant case, for the reason that it does not appear that the defendants are claiming under the exception. The burden was upon the plaintiff and not upon the defendants to offer evidence tending to show that the possession of the defendants was not within their rights. In the absence of such evidence, there was no error in the judgment dismissing the action as of nonsuit."

The judgment appealed from is

Affirmed.

BRITT and HEDRICK, JJ., concur.