HOWARD PHIPPS, JR. AND WIFE, MARY N. S. PHIPPS v. WARREN D. PALEY
AND WIFE, CLAIRE PALEY; AND RONALD AUSTIN, JR.

No. 871SC981

(Filed 17 May 1988)

**1. Judgments § 37— judgment of nonsuit for insufficient evidence—no adjudication on the merits—plaintiff not collaterally estopped from bringing action**

Though plaintiffs' claim to the tract of land involved in the present case was based upon the same grant which plaintiffs relied on in a previous action, the present tract is part of the lands to which plaintiffs claimed title in the previous action, and judgment of nonsuit was entered against plaintiffs because they failed to locate the outer boundaries of the grant and locate the exceptions contained in the grant, plaintiffs nevertheless were not collaterally estopped from bringing this ejectment action since collateral estoppel could not apply unless the earlier action was a final judgment on the merits; judgment of nonsuit for insufficient evidence was not an adjudication on the merits and would not bar a subsequent action unless the allegations and evidence in the two actions were substantially the same; and the evidence in these two actions was not the same where plaintiffs in this action offered into evidence a new survey which purportedly located the boundaries and exceptions, thus correcting the deficiency in the evidence. However, plaintiffs' first action and cases cited in support of this decision were decided prior to enactment of the present N.C. Rules of Civil Procedure, and this decision therefore has no bearing on the *res judicata* or collateral estoppel effects of actions decided under the current rules.

**2. Adverse Possession § 25.2— color of title—possession of land other than that described in deed—insufficiency of evidence of adverse possession**

The trial court erred in entering summary judgment for defendants on their claim of adverse possession under color of title where plaintiffs' evidence raised an issue of fact as to whether a dwelling, shed, and area from which sand was taken were within the area encompassed by the description in the deed under which defendants claimed; the payment of property taxes was evidence of the adverse nature of defendants' claim but not evidence of actual possession; posts which defendants placed on the boundaries of the land were erected less than seven years before the action was commenced and thus could not be used to establish possession; and defendants' granting of permission to operate a food concession in 1984 and 1985 failed to establish possession.

APPEAL by plaintiffs from *Llewellyn (James D.), Judge.* Judgment entered 22 May 1987 in Superior Court, DARE County. (By consent of the parties, the motion was heard and judgment entered out of session and out of the county.) Heard in the Court of Appeals 2 March 1988.

Plaintiffs instituted this action on 20 September 1985 seeking to eject defendants from a six-and-six-tenths acre tract located in Hatteras Township, Dare County. The complaint alleged that plaintiffs are fee simple owners of a one-twelfth undivided interest in the tract. By stipulation filed with the court, the non-party tenants in common of the plaintiffs agreed to be bound by the resolution of this action.

Defendants' answer raised the defenses of *res judicata*, collateral estoppel, and laches. Defendants also counterclaimed alleging that they had acquired title by adverse possession for over twenty years and by adverse possession under color of title for over seven years. Defendants then moved for summary judgment. After reviewing the pleadings, discovery, and other materials submitted by the parties, the trial court found that summary judgment based on the defense of collateral estoppel was appropriate, that partial summary judgment on defendants' claim of adverse possession under color of title was appropriate as to part of the tract, and that summary judgment on the claim of adverse possession for over twenty years and on the defense of laches was not appropriate. From the entry of summary judgment in favor of defendants, plaintiffs appeal.

*Brooks, Pierce, McLendon, Humphrey and Leonard, by James T. Williams, Jr., William G. McNairy, Randall A. Underwood, and S. Leigh Rodenbough, IV, for plaintiff-appellants.*

*Bailey and Dixon, by John N. Fountain and E. Parker Herring, for defendant-appellees.*

PARKER, Judge.

The two questions presented for review by this appeal are: (i) whether the trial court erred in entering summary judgment based on the defense of collateral estoppel and (ii) whether the trial court erred in entering partial summary judgment based on defendants' claim of adverse possession under color of title. For the reasons stated herein, we reverse the summary judgment.

### I.  Collateral Estoppel

[1] Defendants' plea of collateral estoppel is based upon a previous action in which the present plaintiffs claimed title to a tract of land described in a grant from the State to Mrs. Georgia

A. Gaskins dated 26 January 1910. A judgment of nonsuit was entered in that action on account of plaintiffs' failure to locate the outer boundaries of the grant and the exceptions contained in the grant. The judgment of nonsuit was affirmed by this Court in *Phipps v. Gaskins*, 8 N.C. App. 585, 174 S.E. 2d 826 (1970). It is not disputed that plaintiffs' claim to the tract involved in the present case is based upon the same grant that plaintiffs relied on in the previous action, nor is it disputed that the present tract is part of the lands to which plaintiffs claimed title in the previous action. Defendants, who were not parties to the earlier action, contend that the doctrine of collateral estoppel bars plaintiffs from bringing the present action.

Defendants argue that the issue of plaintiffs' title to the tract in question was actually litigated and decided in the previous action and that plaintiffs are barred from relitigating that issue. *See Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E. 2d 552, 557 (1986). Plaintiffs, on the other hand, contend that the judgment of nonsuit entered in the earlier action was not a final judgment on the merits and that it does not bar their claim. We agree.

Traditionally, collateral estoppel would apply if an issue in the present action is identical to an issue that was actually litigated and decided in the previous action, if the parties in the present action were the same as or in privity with those in the previous action, and if the previous action resulted in a final judgment on the merits. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. at 429, 349 S.E. 2d at 557. Our Supreme Court recently ruled, however, that the defense of collateral estoppel may be asserted in some cases where the party asserting it was not a party nor in privity with a party to the earlier action. *Id.* at 432-35, 349 S.E. 2d at 559-60.

To support their argument, plaintiffs rely in part on this Court's decision in *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 343 S.E. 2d 188, *cert. denied*, 317 N.C. 715, 347 S.E. 2d 457 (1986). In *Va. Electric*, the power company (VEPCO) had instituted a condemnation proceeding, and respondents Tillett counterclaimed to establish title in themselves. The trial court entered summary judgment quieting title in VEPCO. On appeal, VEPCO argued that, because of an earlier action between the parties'

predecessors in title, under the doctrine of *res judicata* respondents were barred from claiming title. In the earlier action, VEPCO's predecessor obtained a directed verdict when respondents' predecessor failed to present sufficient evidence to establish title. This Court held that the disposition of the earlier action did not justify summary judgment in VEPCO's favor because it merely showed that respondents' predecessor failed to prove title in himself; it did not represent an adjudication of title in favor of VEPCO's predecessor. *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. at 389, 343 S.E. 2d at 193; *see also Mayberry v. Campbell*, 16 N.C. App. 375, 192 S.E. 2d 27, *cert. denied*, 282 N.C. 427, 192 S.E. 2d 840 (1972).

In the present case, plaintiffs contend that the judgment of nonsuit previously entered against them did not finally adjudicate title to the disputed property and that they, therefore, are not precluded from bringing the present action. The present case, however, is distinguishable from *Va. Electric, supra* and *Mayberry, supra*. In *Va. Electric* and *Mayberry*, this Court held that the failure of a party to prevail in a title action does not conclusively establish title in the opposing party. Defendants here are not contending that the earlier action established title in themselves, but argue that it merely bars plaintiffs from relitigating the issue. The doctrine of collateral estoppel is designed to prevent repetitious lawsuits when a party has previously had a full and fair opportunity to litigate the issue. *See Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. at 434, 349 S.E. 2d at 560.

Although defendants' argument may have some merit, collateral estoppel cannot apply unless the earlier action was a final judgment on the merits. In the earlier action, judgment of nonsuit was entered against the plaintiffs because they failed to present sufficient evidence to establish title. The case law prior to the North Carolina Rules of Civil Procedure is clear that a judgment of nonsuit for insufficient evidence is not an adjudication on the merits and will not bar a subsequent action unless the allegations and evidence in the two actions are "substantially the same." *Powell v. Cross*, 268 N.C. 134, 150 S.E. 2d 59 (1966); *Walker v. Story*, 256 N.C. 453, 124 S.E. 2d 113 (1962); *Barringer v. Weathington*, 7 N.C. App. 126, 171 S.E. 2d 233 (1969), *cert. denied*, 276 N.C. 327 (1970). A judgment of nonsuit in a title action is a judgment on the merits only when the plaintiff's evidence affirma-

tively shows that the defendant's title is superior. *See Hayes v. Ricard*, 251 N.C. 485, 494, 112 S.E. 2d 123, 129 (1960). Although the above-cited cases dealt with the doctrine of *res judicata*, the issue of whether a previous judgment was on the merits is also relevant to the application of collateral estoppel. For either doctrine to apply, the previous action must have resulted in a final judgment on the merits. *Thomas M. McInnis & Assoc., Inc., supra* at 429, 349 S.E. 2d at 557.

Defendants correctly point out in their brief that, in the present case, the trial court has had the opportunity to view plaintiffs' evidence. If the trial court correctly determined that the evidence in this case was substantially the same as the evidence in the earlier action, then the earlier action could operate to bar plaintiffs' claim. *See, e.g., Powell v. Cross, supra.* There is nothing in the record to indicate whether or not the trial court made such a determination. The record clearly shows, however, that the evidence in the two actions is not "substantially the same" as that term has been applied in similar cases.

In the first action, judgment of nonsuit was entered against plaintiffs because they failed to (i) locate the outer boundaries of the grant and (ii) locate the exceptions contained in the grant. In this action, plaintiffs have offered into evidence a new survey which purportedly locates the boundaries of the grant and the exceptions contained therein. A judgment of nonsuit will not bar a subsequent action if the plaintiff corrects the deficiency in the evidence. *Kelly v. Kelly*, 241 N.C. 146, 149-50, 84 S.E. 2d 809, 812 (1954). Plaintiffs here have offered evidence which, if true, would supply the essential elements that were lacking in the earlier action. Thus, their present claim is not barred by the doctrine of collateral estoppel.

We emphasize, however, that plaintiffs' first action and the cases cited in support of our decision were decided prior to the enactment of the present North Carolina Rules of Civil Procedure. The effect of the judgment of nonsuit entered against plaintiffs was necessarily determined in accordance with the law in force at the time it was rendered. 46 Am. Jur. 2d *Judgments* § 236 (1969). Under present law, the motion for nonsuit has been replaced by the motion for involuntary dismissal under Rule 41(b) of the N.C. Rules of Civil Procedure in civil actions tried without

a jury and by the motion for a directed verdict under Rule 50 in jury trials. *See Whitaker v. Earnhardt*, 289 N.C. 260, 264, 221 S.E. 2d 316, 319 (1976). Rule 41(b) provides that a dismissal for insufficient evidence "operates as an adjudication upon the merits" unless the trial court specifies otherwise. A judgment entered upon a directed verdict is a judgment on the merits for *res judicata* purposes. *Taylor v. Electric Membership Corp.*, 17 N.C. App. 143, 193 S.E. 2d 402 (1972). Therefore, our decision here has no bearing on the *res judicata* or collateral estoppel effects of actions decided under the current rules of procedure.

## II.  Adverse Possession

[2]   The trial court entered partial summary judgment in favor of defendants based on adverse possession under color of title. The party asserting title by adverse possession has the burden of proof on that issue. *State v. Brooks*, 275 N.C. 175, 181, 166 S.E. 2d 70, 73 (1969). As the moving party, defendants also have the burden of establishing that no genuine issue of material fact exists. *Kidd v. Early*, 289 N.C. 343, 366, 222 S.E. 2d 392, 408 (1976). Even if plaintiffs failed to raise an issue of fact, defendants, as the party with the burden of proof, " 'must still succeed on the strength of [their] own evidence.' " *Id.* (quoting Louis, *A Survey of Decisions Under the New North Carolina Rules of Civil Procedure*, 50 N.C.L. Rev. 729, 738 (1972) ).

Plaintiffs do not dispute that the deed upon which defendants' claim of adverse possession is based is sufficient to constitute color of title for the part of the tract encompassed by the judgment. In order for defendants to prevail on their claim, however, their evidence must show both actual and adverse possession for the full seven-year period prescribed in G.S. 1-38. *Morehead v. Harris*, 262 N.C. 330, 337, 137 S.E. 2d 174, 181-82 (1964). Plaintiffs contend that defendants' evidence is not sufficient to prove actual possession of the property described in their deed for the statutory period.

We first note that defendants originally claimed title to the entire tract involved in this action. Plaintiffs submitted evidence, however, which tended to show that the description in defendants' deed did not cover the entire tract. The trial court's judgment stated that defendants' claim of adverse possession under color of title was good only for that portion of the tract which

was within the deed's coverage as shown on a survey submitted by plaintiffs.

Defendants' evidence in support of their motion for summary judgment tended to show the following: On 2 February 1973, a deed was executed conveying the property in question to defendant Warren D. Paley. The property is jointly owned and managed pursuant to a partnership agreement between Paley and others. In 1973, defendants erected a "modular dwelling" and a shed on the property. From 1973 up until the present time, defendants have entered into various leases for the use of the dwelling and have collected rent for such use. Defendants have paid property taxes on the property since 1973. In early 1979, defendants placed posts along the boundaries of the property with signs that said "Property of Paley." In 1978 and 1979, defendants sold sand from the property, and filed a complaint against a third party for conversion of sand on the property. In 1984 and 1985, defendants received rents in exchange for allowing a food concession to be operated on the property during the summer. Defendants also submitted the affidavits of thirty-six individuals who were familiar with the property which corroborated most of the above evidence.

We need not decide whether all of defendants' evidence is sufficient to prove actual possession of the land encompassed by the judgment. Plaintiffs submitted a survey and the affidavit of the surveyor who prepared it which indicate that a substantial portion of the modular dwelling, the shed, and the area from which the sand was taken are all located on that portion of the tract which is outside the area encompassed by the deed description as accepted by the trial court. A deed offered as color of title is color of title only for the land within the description in the deed. *Williams v. Robertson*, 235 N.C. 478, 483, 70 S.E. 2d 692, 696 (1952). Actual possession of one tract cannot be constructively extended to an adjoining tract. *Morehead v. Harris*, 262 N.C. at 337, 137 S.E. 2d at 181. Plaintiffs' evidence at least raised an issue of fact as to whether the dwelling, the shed, and the sand area are located on land covered by the deed, and those items of evidence may not be competent to show actual possession.

As to defendants' remaining evidence, the payment of property taxes is evidence of the adverse nature of their claim but it is

not evidence of actual possession. *Chisholm v. Hall*, 255 N.C. 374, 379, 121 S.E. 2d 726, 730 (1961). The posts that defendants placed on the boundaries of the land were not erected until early 1979, and plaintiffs instituted this suit in September 1985. Since the posts were erected less than seven years before this action was commenced, they cannot be used to establish possession. *See Taylor v. Johnston*, 289 N.C. 690, 710, 224 S.E. 2d 567, 579 (1976). Similarly, defendants' granting of permission to operate a food concession in 1984 and 1985 also fails to establish actual possession.

Thus, it is questionable whether defendants have produced any competent evidence of their actual possession of the land covered by the deed for the statutory period. Under these circumstances, the trial court erred in entering summary judgment for defendants on their claim of adverse possession under color of title.

Reversed and remanded.

Judges ARNOLD and BECTON concur.